WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for American Disabled Individuals LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> The Price Company, <br><br> Defendant. | No. CV-16-02141-PHX-GMS <br><br> **ORDER** |

"Federal courts are required *sua sponte* to examine jurisdictional issues such as standing." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc) (citation omitted). After reviewing the complaint in this action, the Court has serious questions about whether Plaintiffs have standing to proceed. The Court will order Plaintiffs to show cause as to why this case should not be dismissed for lack of standing.

Plaintiff Advocates for Individuals with Disabilities, LLC ("Advocates") makes no allegations in the complaint regarding its status, nature, or interest in this case. Plaintiff David Ritzenthaler alleges that he is legally disabled, that he has a state-issued handicapped license plate, and that, on or about December 13, 2015, he "became aware" that Defendant's place of business lacked sufficient handicapped parking spaces, designation, signage, or disbursement of those parking spaces "in order to provide the shortest accessible route from parking to an entrance[,]" at Defendant's place of business. (Doc. 1, Ex. 2 at 9–11, ¶¶ 1, 9, 10.) Plaintiff does not allege that he personally visited Defendant's business, but alleges that he will avoid visiting the business in the future

1 unless it comes into compliance with the ADA. (*Id.* at 12, ¶ 15.)

2 The complaint alleges that Defendant owns and operates a business at 4502 E. Oak Street, Phoenix, Arizona, 85018, "which is a commercial facility." (*Id.* at 10, ¶ 2.) The complaint does not identify the nature of Defendant's business. The complaint alleges that Defendant's facility has "insufficient handicapped parking spaces, insufficient designation or signage and or insufficient disbursement of such parking spaces[.]" (*Id.* at 11, ¶ 10.) The complaint alleges that Defendant has violated Title III of the ADA and its implementing regulations, and seeks declaratory, injunctive, and damages relief as well as the payment of attorney's fees. (*Id.* at 15–16.)

A plaintiff has standing to pursue injunctive relief only if he "is likely to suffer future injury" absent the requested injunction. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). The threatened injury must be "concrete and particularized"; that is, it must affect the plaintiff "in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 & n.1 (1992). An "undifferentiated" interest in ensuring compliance with the law will not suffice. *Id.* at 575 (citing *United States v. Richardson*, 418 U.S. 166, 176–77 (1974)); *see also Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 (1976) ("an organization's abstract concern with a subject that could be affected by an adjudication does not substitute for the concrete injury required by" Article III).

In cases under Title III of the ADA, a plaintiff can establish standing to pursue injunctive relief either by showing that "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier," or by showing that "discriminatory architectural barriers deter him from returning to a noncompliant accommodation" that he otherwise would visit. *Chapman*, 631 F.3d at 950. In either case, the plaintiff must show that he is personally affected by the barrier. *Id.* (claim for injunctive relief must seek to "vindicate the rights of the particular plaintiff rather than the rights of third parties"). "In determining whether a plaintiff's likelihood of returning to a defendant is sufficient to confer standing, courts have examined factors such as (1) the proximity of the place of public accommodation to

plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005) (internal quotation marks and citation omitted).

Courts have dismissed Title III claims for lack of standing where the plaintiff fails to assert a personalized injury stemming from the alleged violation. *See Payne v. Chapel Hill N. Props., LLC*, 947 F. Supp. 2d 567, 578 (M.D. N.C. 2013) (disability advocacy organization lacked standing to seek injunction under Title III where it failed to identify any member personally affected by the barrier); *Small v. Gen. Nutrition Cos., Inc.*, 388 F. Supp. 2d 83, 90–99 (E.D. N.Y. 2005) (same).

Courts have also dismissed Title III claims on standing grounds where the plaintiff fails to plausibly allege that he intends to return to the defendant's accommodation if the barrier to access is removed. The Eleventh Circuit provided examples of such cases in *Shotz v. Cates*, 256 F.3d 1077 (11th Cir. 2001):

> In *Proctor* [*v. Prince George's Hosp. Ctr.,* 32 F. Supp. 2d 830 (D. Md. 1998)], the plaintiff admitted that it was purely speculative whether he would have to visit the hospital, given the fact that his only other visit was because of a motorcycle accident. In *Hoepfl* [*v. Barlow*, 906 F. Supp. 317 (E.D. Va. 1995)], the court stated "because [the plaintiff] now resides in a different state, it is highly unlikely that she will ever again be in a position where any discrimination by [the defendant] against disabled individuals will affect her personally." In *Aikins* [*v. St. Helena Hosp.,* 843 F. Supp. 1329 (N.D. Cal. 1994)], the plaintiff owned a mobile home at which she stayed only several days a year. During one such visit, she alleged that she was discriminated against by a nearby hospital. The court concluded that the limited amount of time she spent in the area, coupled with the fact that she visited the hospital only because of her husband's illness, failed to suggest a "real or immediate threat" of future discrimination by the hospital. *See also Tyler v. The Kansas Lottery*, 14 F. Supp. 2d 1220 (D. Kan. 1998) (plaintiff who had since moved to Wisconsin was unlikely to be harmed by discrimination at lottery outlets in Kansas).

*Id.* at 1081–82 (some internal citations omitted). In *Harris*, 396 F. Supp. 2d 1107, the court dismissed a claim for injunctive relief against a restaurant because the plaintiff lived approximately 570 miles from the restaurant and made no allegation that he was likely to return.

- 3 -

Plaintiffs' complaint appears to fall short of establishing standing. It provides no information from which the Court could conclude that Advocates has suffered injury or will suffer injury in the future from Defendant's actions. Advocates appears to be suing on the basis of a generalized interest in ensuring that Defendant complies with the ADA, but such an interest is insufficient to confer standing. *See Lujan*, 504 U.S. at 575; *Simon*, 426 U.S. at 40. The fact that Advocates seeks to promote the interests of disabled individuals does not change this analysis. *See Payne*, 947 F. Supp. 2d at 578; *Small*, 388 F. Supp. 2d. at 90–99.

Nor is there information from which the Court could conclude that Plaintiff Ritzenthaler has suffered injury or will suffer injury in the future from Defendant's actions. Plaintiff Ritzenthaler does not allege that he as ever visited Defendant's business. Indeed, he fails even to identify the nature of Defendant's business. Although he alleges that he will be deterred from visiting Defendant's business in the future, he provides no facts—like those discussed in the cases above—from which the Court can plausibly conclude that he will visit Defendant's business in the future if the barrier to access is removed. Indeed, the complaint alleges only that "Plaintiff, *or an agent of Plaintiff*, intends to return to Defendant's Commercial Facility to ascertain whether it remains in violation of the . . . ADA." (Doc. 1 at 13, ¶ 21 (emphasis added).)

For these reasons, the Court orders Plaintiffs to show cause as to why this case should not be dismissed for want of standing. *Cf. Chapman*, 631 F.3d at 955 ("Because Chapman lacked standing at the outset of this litigation to assert the ADA claims, the district court should have dismissed them.").

**IT IS HEREBY ORDERED** that Plaintiff and its attorney individually are directed to show cause why this case should not be dismissed for lack of standing by **September 8, 2016**. Defendant, if it wishes to do so, may file a response by **September 15, 2016**. Plaintiff may file a reply by **September 22, 2016**.

**IT IS FURTHER ORDERED** that an Order to Show Cause Hearing is set for **September 29, 2016 at 2:30 p.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal

1  Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.

2  **IT IS FURTHER ORDERED** vacating the Scheduling Conference currently set for September 2, 2016.

  Dated this 1st day of September, 2016.

  *G. Murray Snow*
  Honorable G. Murray Snow
  United States District Judge